UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN VALENTI, on his own behalf and on behalf of a class of those similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.: 1:15-CV-63-TLS ) |
| HARTFORD CITY, INDIANA, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Plaintiff, Brian Valenti, on behalf of himself and others similarly situated, has sued the City of Hartford City, Indiana. (*See* Class Action Compl. for Injunctive and Declaratory Relief and Individual Compl. for Damages, ECF No. 1.) The Plaintiff asserts that Hartford City Ordinance 2008-01, titled "Regulation of Sex Offenders," as amended by Ordinance 2015-10 (Amended Ordinance 2008-01 or the Ordinance), is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment, and violates the Indiana Constitution's prohibition against ex post facto punishment. For the due process challenge, the Plaintiff has moved to certify a class pursuant to Federal Rule of Civil Procedure 23(a) and Rule 23(b)(2) [ECF No. 5]. The class would include all persons who currently, or will in the future, live in, work in, or visit Hartford City, Indiana, and who are, or will be, sex offenders as defined in Amended Ordinance 2008-01. The relief sought is injunctive and declaratory. Although the Plaintiff originally sought to certify a sub-class for persons who committed their qualifying sex offense prior to February 4, 2008, the effective date of the Ordinance, he has since withdrawn the request for certification of the sub-class. Instead, he is pursuing the ex post facto challenge on his

own behalf.

## BACKGROUND

### A.     The Sex Offender Ordinance

Ordinance 2008-1, Regulation of Sex Offenders, went into effect in Hartford City on February 4, 2008. It applies to any "Sex Offender," which the Ordinance defines as "an individual who has been convicted of or placed on deferred adjudication for a sexual offense involving a person under eighteen (18) years of age for which the individual is required to register as a sex offender under Indiana law IC-35-42-4 and IC-11-8-8." Hartford City, Ind. Ordinance 2008-1, § 8.50.2 (2008). A Sex Offender violates the Ordinance if he or she knowingly enters a "Child Safety Zone." *Id.* § 8.50.3.B. The Child Safety Zone includes:

> public parks, private and public schools, public library, amusement arcades, video arcades, indoor and outdoor amusement centers, amusement parks, public or commercial and semi-private swimming pools, child car[e] facility, child care institution, public or private athletic complexes, crisis center or shelter, skate park or rink, public or private youth center, movie theatre, bowling alley, scouting facilities, and Office of Protective Services.

*Id.* § 8.50.2. It is also an offense under the Ordinance for a Sex Offender to "knowingly loiter on a public way within 300 feet of a Child Safety Zone." *Id.* § 8.50.3.C. A "public way" is "any place to which the public or a substantial group of the public has access and includes, but [is] not limited to, streets, shopping centers, parking lots, transportation centers, restaurants, shops and similar areas that are open to the use of the public." *Id.* § 8.50.2. When the Ordinance was first enacted in February 2008, the term "loiter" was defined as "standing, sitting idly, whether or not the person is in a vehicle or remaining in or around an area." *Id.*

On October 5, 2015, Hartford City amended Ordinance 2008-01 to replace the definition

2

of "loiter" with the following:

> <u>Loiter</u>: means remaining in a place or circulating around a place under circumstances that would warrant a reasonable person to believe that the primary purpose or effect of the behavior is to enable a sex offender to satisfy an unlawful sexual desire, or to locate, lure, or harass a potential victim.

*Id.* § 8.50.2, as amended by Hartford City, Ind., Ordinance 2015-10 (2015). The penalty for violating the Ordinance is a fine up to $200 for each offense. *Id.* § 8.50.6.

**B.     Class Action Complaint**

On March 6, 2015—prior to Hartford City's passage of the Amended Ordinance—the Plaintiff, on behalf of himself and others similarly situated, filed a Complaint against Hartford City. The Plaintiff, who has a 1993 conviction in California for a sex offense involving a child, is required to register as a sex offender under Indiana law. The Plaintiff alleges that the Ordinance has caused him to significantly curtail his activities in Hartford City, including going to the library with his child, entering his child's school, going to Hartford City parks, bowling with his family, attending church where there are separate youth services, joining the YMCA, having his child participate in YMCA activities, and voting at his designated polling place. The Plaintiff maintains that when he lived in California, he would frequently go to his child's school to work with staff there because his daughter has learning disabilities, but he is now unable to do so and his child has suffered because of this. The Plaintiff asserts that he does not know what loiter means, nor does he know all the locations where it would be impermissible for him to loiter. He alleges that the restriction is burdensome, as he cannot wait in the parking lot of places where his child may go bowling or participate in or attend sporting events. In fact, the Plaintiff received a citation from the Hartford City Police Department when he was a passenger in his brother's car

at his brother's house, which is across the street from a school. He was waiting to be taken to pick up his own child from another school.

The Plaintiff asks that the Court declare that Amended Ordinance 2008-01 violates the United States Constitution's Due Process Clause and the Indiana Constitution's Ex Post Facto Clause, certify this case as a class action pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, enter an injunction enjoining the Defendant from enforcing Amended Ordinance 2008-01, award damages to the Plaintiff, and award the Plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

**C.      Stipulation**

On May 1, 2015, the parties filed a Stipulation [ECF No. 18], setting forth the Defendant's agreement "to suspend enforcement of Section 8.50.3(C) of its Code of Ordinances that states: 'It is an offense for a Sex Offender to knowingly loiter on a public way within 300 feet of a Child Safety Zone.'" (Stipulation ¶ 1.) The Defendant agreed that no person could be cited for a violation of that section for actions taken during the pendency of the litigation.

In return, the Plaintiff agreed to withdraw his request for a preliminary injunction.

**ANALYSIS**

Certification of a class is only proper if the class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions

of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a)(1)–(4); *see also Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). Rule 23(b) is satisfied if, as relevant here, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Rule 23 is not "a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The party seeking class certification "must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." and the court must engage in a "rigorous analysis" of the Rule 23(a) factors. *Id.* at 350, 351 (quoting *Gen. Elec. Tele. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). This analysis may require some overlap with the merits of the plaintiff's underlying claim. *Id.* at 351. A plaintiff who fulfills the conditions of Rule 23 is entitled to certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ( "[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.").

The Defendant lodges two arguments against certification. The Defendant asserts that the Plaintiff cannot satisfy the numerosity requirement and that, even if he could, the Court can deny certification based on other relevant considerations, such as whether class certification is necessary. The Defendant contends that certification is not necessary in this case because all persons who would make up the class would benefit if the Court finds the Ordinance

5

unconstitutional and grants the Plaintiff's requested declaratory and injunctive relief.

**A.      Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A plaintiff need not plead or prove the exact number of class members to establish numerosity under Rule 23(a)(1), *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1987), and the court may make common sense assumptions to determine numerosity, *see Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (finding numerosity after the plaintiff had identified 14 class members and introduced evidence that "support[ed] a much larger estimate").

On May 1, 2015, the Defendant stipulated that there are ten persons living in Hartford City who are subject to the challenged Ordinance, and another seven persons residing in the nearby town who enter Hartford City for employment purposes. (Stipulations ¶ 5, ECF No. 18.) However, the Plaintiff maintains that the class numbers are subject to change, as the Indiana Sex and Violent Registry of July 1, 2015, disclosed sixteen persons with Hartford City addresses, and thirteen of them committed offenses against children. The Plaintiff argues that the class would also consist of any sex offenders who visit or travel through Hartford City, and notes that there are nine persons listed as sex offenders who are living in the nearby community of Montpelier. He also criticizes the Defendant's limitation of the class to only those persons who currently reside or work in Hartford City, and contends that it should also include persons who will live in, work in, or travel through Hartford City in the future.

Although the proposed class is not particularly large, it is not so small as to preclude

numerosity from being met. A relatively small group may form a class if other considerations make joinder impracticable. *See Rosario v. Cook Cnty.*, 101 F.R.D. 659, 661 (N.D. Ill. 1983) (noting that whether joinder is impracticable should be "determined in the context of particular litigation," and not based on numbers alone).

> When determining if joinder of all class members is impracticable, courts often consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the size of each plaintiff's claim; the financial resources of the class members; the ability of claimants to institute individual suits; any requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members.

*Olson v. Brown*, 284 F.R.D. 398, 407 (N.D. Ind. 2012).

*In Rosario*, the court determined that the nature of the relief, a declaration regarding the defendant's promotion procedures and an injunction against continued use of certain procedures, would "necessarily affect the interests of future Hispanic applicants for sergeant." 101 F.R.D. at 661. Therefore, "[r]egardless of their number, the joinder of future alleged discriminatees is inherently impracticable." *Id.* The same is true here with respect to future residents or visitors to Hartford City. The relief sought, declaratory and injunctive relief, would impact future class members, and "[s]uch future members make joinder inherently impracticable because there is no way to know who they will be." *Olson*, 284 F.R.D. at 408.

Moreover, due to the mobility of our society, it is likely that only a portion of the class will have standing to bring their claims at any one time. This fluidity also impacts the feasability of joinder. *Cf. Ind. Prot. & Advocacy Servs. Comm'n v. Comm'r, Ind. Dep't of Corr.*, No. 1:08–cv–1317-RYL-JMS, 2010 WL 1737821, at *1 (S.D. Ind. Apr. 27, 2010) ("[B]oth the transient nature of the inmate population and the request for injunctive relief that will also inure

to the benefit of future, currently unknowable, class members likewise support a finding that joinder is impracticable."); *William S. v. Gill*, 98 F.R.D. 463, 469 (N.D. Ill. 1983) (finding "[j]oinder difficulties . . . largely attributable to two qualitative factors"—inclusion of members "likely to be aggrieved in the future" and "the comparative fluidity of the group of present class members").

One additional factor impacting the practicability of joinder exists: an individual who has been convicted of a sex offense against a child is not likely to step forward to join the litigation. There is a palpable difference between having your name published on a registry and attempting to strike down a municipality's restrictions on your activities near a "Child Safety Zone."

In the context of this litigation, the Plaintiff has satisfied its burden to show that the class is so numerous that joinder of all members is impracticable.

**B.     Commonality**

Subsection (a)(2) requires the presence of "questions of law or fact common to the class." Fed. R. Civ. P. 32(a)(2). The Plaintiff's allegation that the Ordinance is unconstitutionally vague poses a question of law that is common to the class. The determination of that contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 546 U.S. at 350; *see also Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question.").

8

## C. Typicality

Under Rule 23's typicality requirement, the issue is whether "the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Here, the typicality requirement is satisfied because the Plaintiff alleges that the same Ordinance that is directed at his activities in Hartford City is directed to the other putative class members, including future members who may live, work, or visit Hartford City. The Court is satisfied that the Plaintiff's claim is typical of the claims that the class members would have, and the Defendant does not argue otherwise.

## D. Adequacy

Rule 23(a)(4) requires that the plaintiff, as the representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The inquiry is intended to discover conflicts of interest between the named party and the class he seeks to represent. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). A plaintiff must have a sufficient stake in the outcome of the case to ensure zealous advocacy and must not have antagonistic or conflicting claims with other class members. *See Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993); *Rosario*, 963 F.2d at 1018. Likewise, "[a] person whose claim is idiosyncratic or possibly unique is an unsuitable class member." *Suchanek*, 764 F.3d at 758.

The Defendant makes no assertion that the Plaintiff possesses interests that differ from the class as it relates to the request for declaratory or injunctive relief, or that he does not have a sufficient stake in the outcome of the case. The Plaintiff has already demonstrated zealous

advocacy through the filings made thus far in the case. The Court is satisfied that the adequacy requirement has been met.

**E.     Rule 23(b)(2)**

As stated earlier, Rule 23(b)(2) permits class certification if "the party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) operates under the presumption that the interests of the class members are cohesive and homogeneous such that the case will not depend on adjudication of facts particular to any subset of the class nor require a remedy that differentiates materially among class members." *Lemon v. Int'l Union of Operating Eng'gs, Local No. 130*, 216 F.3d 577, 580 (7th Cir. 2000). "Colloquially, 23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 441 (7th Cir. 2015).

Here, the Defendant has acted, through its adoption of the Ordinance, on grounds that apply generally to the class. The Ordinance is, in fact, purposefully directed at the class. The Plaintiff requests that the Court declare that the Ordinance is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment, and enjoin the Defendant from enforcing it. This declaratory and injunctive relief would apply class-wide.

Nonetheless, the Defendant counters that class certification is unnecessary. It argues that, "[a]lthough establishing need is not a mandatory prerequisite, it is not uncommon for courts, in

10

exercising their discretion, to deny class certification on that basis when the particular facts and circumstances of the case warrant doing so." (Def.'s Br. in Opp'n 5, ECF No. 24 (citing *Kan. Health Care Ass'n v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994); *Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978); *Sargent v. Block*, 576 F. Supp. 882, 888 (D.D.C. 1983); *All. to End Repression v. Rochford*, 565 F.2d 975, 980 (7th Cir. 1977)).) Notably, of the representative cases the Defendant cites, only *Rochford* is from this Circuit. In *Rochford*, the court observed that in a suit attacking a statute as facially unconstitutional, "there would appear to be little need for the suit to proceed as a class action" because "it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the statute's enforcement." 565 F.3d at 980.

At first glance, the Defendant's argument is tempting to consider. However, the Seventh Circuit has also said that "a Court may not deny class status because there is no 'need' for it." *Fujishima v. Bd. of Educ.*, 460 F.2d 1355, 1360 (7th Cir. 1972); *see also Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978) ("[T]he rule in this circuit is that class certification may not be denied on the ground of lack of 'need' if the prerequisites of Rule 23 are met." (first citing *Fujishima*, 460 F.3d at 1360; the citing *Vickers v. Trainor*, 546 F.2d 739, 747 (7th Cir. 1976))). The Seventh Circuit again followed this rule in *Brown v. Scott*, 602 F.2d 791 (1979), where it stated that it was bound by "the *Hampton*, *Vickers*, and *Fujishima* decisions to require class certification" to a facial and as-applied challenge to a picketing ordinance. *Id.* at 795; *cf. Borowski v. City of Burbank*, 101 F.R.D. 59, 62 (N.D. Ill. 1984) (noting that the analysis concerning "need" set forth in *Rochford* was "dicta" lacking "cit[ation to] precedent" and certifying a class under Rule 23(b)(2) to challenge the constitutionality of a city ordinance).

Not only is it "well-settled in the Seventh Circuit . . . that a motion for class certification will not be denied merely because certification is not necessary," *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 320 (N.D. Ill. 1995), but the Supreme Court has stated that satisfaction of the Rule 23 requirements categorically entitles plaintiffs to pursue class action claims when they have satisfied the Rule's requirements. *Shady Grove*, 559 U.S. at 398 ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). Although the necessity argument was not the *Shady Grove* Court's focus, its ruling forecloses any argument that a court should, in an exercise of discretion, determine whether certification is "necessary" once the party seeking certification has satisfied the requirements of Rule 23(a) and 23(b)(2).[1] The defendant in *Shady Grove* argued that "Rule 23 neither explicitly nor implicitly empowers a federal court to certify a class in each and every case where the Rule's criteria are met," *id.* at 399 (internal quotation marks omitted), but the Court flatly rejected that argument:

> [T]hat is *exactly* what Rule 23 does: It says that if the prescribed preconditions are satisfied "[a] class action *may be maintained* " (emphasis added)—not "*a class action may be permitted*." Courts do not maintain actions; litigants do. The discretion suggested by Rule 23's "may" is discretion residing in the plaintiff: He may bring his claim in a class action if he wishes. And like the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies "in all civil actions and proceedings in the United States district courts."

*Id.* at 399–400.

Therefore, having satisfied all the prerequisites of Rule 23(a), the Plaintiff is entitled to

---

[1] If the Plaintiff were seeking certification of a class under subsection (b)(3), the Court would have to determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To the extent such a determination is analogous to a necessity finding, it is not applicable here. Unlike subsection (b)(3), subsection (b)(2) does not contain a superiority requirement.

12

maintain a class action under Rule 23(b)(2) because the defendant has acted "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court notes that it retains jurisdiction to decertify or modify the class as appropriate. Fed. R. Civ. P. 23(c)(1)(C); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 798 (7th Cir. 2013) ("[R]ulings on certification in class action suits are tentative and can be revisited by the district court as changed circumstances require"); *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 370 (7th Cir. 2012) (finding that the district court correctly ruled that subclass could be decertified if circumstances changed). Thus, if the impracticability of joinder, or any other circumstances pertinent to certification change, the Court can decertify the class.

## F. Appointment of Class Counsel

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B) & 23(g). Class counsel must fairly and adequately represent the interests of the class. *Id.* 23(g)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." *Id.* 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* 23(g)(1)(B).

Here, the Plaintiff's interests are being represented by the American Civil Liberties

Union (ACLU) of Indiana, an organization that specializes in the rights and liberties that are grounded in the United States and Indiana Constitutions. Presumably, the resources of the ACLU of Indiana will be committed to representing the class. Thus far, counsel has been active in filing all pleadings, motions, and notices appropriate to the case. The Court finds that current counsel is adequately able to serve the interests of the Class.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Class Certification [ECF No. 5] is GRANTED to the extent set forth below:

1. The Class is certified under Rule 23(b)(2) and is defined as: all persons who currently, or will in the future, live in, work in, or visit Hartford City, Indiana, and who are, or will be, Sex Offenders as defined in Amended Ordinance 2008-01;

2. In consideration of the work counsel has done in identifying and investigating potential claims in the action, his knowledge of applicable constitutional law, and the resources that counsel will commit to representing the Class, the Court appoints Attorney Kenneth J. Falk, ACLU of Indiana, as Class Counsel;

3. Because the class is being certified under Rule 23(b)(2), the Court does not direct notice and an opportunity to opt out. *See* Fed. R. Civ. P. 23(c)(2); *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) (holding that classes certified under Rule 23(b)(2) "are primarily designed for injunctive and declaratory relief and, when employed in this fashion, do not require notice nor an opportunity to opt out of the class").

SO ORDERED on October 3, 2016.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT